# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SHARLA VAN CLEVE, <br><br> Plaintiff, <br><br> vs. <br><br> SOCIETY OF ST. VINCENT DE PAUL, PARTICULAR COUNCIL OF THE CITY OF DUBUQUE, d/b/a Society of St. Vincent De Paul, <br><br> DEFENDANT. | No. C03-1019 <br><br> **ORDER** |

This matter comes before the court pursuant to defendant's April 29, 2005 Rule 58 motion for extension of time to file appeal (docket number 128). A jury verdict and judgment were filed in this case on March 3, 2005 (docket numbers 103 and 105, respectively). On March 10, 2005, defendant filed a motion to amend judgment to retax costs (docket number 107). On March 17, 2005, the defendant filed a bill of costs and motion for attorney fees (docket numbers 112 and 113, respectively). On April 4, 2005, the court entered an order denying defendant's motion to amend judgment to retax costs and motion for fees and costs (docket number 124). Defendant wants to appeal both from the March 3, 2005 judgment and from the April 4, 2005 order, and wants the court to "enter an Order extending and clarifying the time for Defendant to file its Appeal in this case is 30 days from April 4, 2005."

Plaintiff resists defendant's motion, arguing that defendant's motions to retax costs and for fees/costs were not equivalent to a Fed. R. Civ. P. 59 motion, which would toll the 30-day period for filing an appeal until the court entered its order resolving the fee motions. Thus, plaintiff argues that defendant's time to appeal the jury verdict has long

since run and no excusable neglect or good cause exists to justify an extension of the deadline.

Defendant replies that Fed. R. App. P. 4(a)(4) provides that the time to file an appeal runs from the entry of the order disposing of a motion to alter or amend the judgment pursuant to Rule 59. The defendant clearly moved to amend the judgment but did not specifically cite Rule 59. Defendant further replies that its current motion is being made pursuant to Fed. R. Civ. P. 58(c)(2), which provides that the court has discretion to order that a timely filed motion for fees under Rule 54(d)(2) has the same effect on the deadline to file the notice of appeal as a timely motion under Rule 59.

Fed. R. Civ. P. 58(c)(2) provides:

> When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. App. P. 4(a) provides, in pertinent part:

> (4) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
>   (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
>   (iv) to alter or amend the judgment under Rule 59
>
> (5) Motion for Extension of Time
>
>   (A) The district court may extend the time to file a notice of appeal if:
>
>     (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

2

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Pursuant to Fed. R. App. P. 4(a)(4)(iv), it appears to this court that the time to file an appeal ran from the April 4, 2005 order ruling on defendant's March 10, 2005 motion to amend judgment to retax costs. Thus, pursuant to Fed. R. App. P. 4(a)(1)(A), "the notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Thirty days from April 4, 2005 is May 4, 2005. Assuming a notice of appeal is, in fact, filed on May 4, 2005, then no extension is necessary. Further, the defendant only sought clarification and extension so that a May 4 notice of appeal would be timely. Aside from this finding, the court offers no further "clarification" as requested by the defendant. The timeliness of a notice of appeal is for the Eighth Circuit Court of Appeals to decide.

Upon the foregoing,

IT IS ORDERED that defendant's Rule 58 motion for extension of time to file an appeal (docket number 128) is denied as moot. Defendant's request for clarification is denied.

May 4, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT